### DANIELL v. FLORIDA PULP & PAPER CO., et al.

Industrial Commission.

April 20, 1955.

200

Harold E. Bergman, Quincy, for the claimant.

Bert Lane, Pensacola, for the employer and insurance carrier.

## BY THE COMMISSION.

This cause came on to be heard upon application for review of a deputy commissioner's order dated August 4, 1953. It is undisputed that on August 11, 1947 the claimant sustained a hernia by accident arising out of and in the course of his employment. He was examined on that date by the company physician, Dr. J. Melvin Young, who diagnosed the condition as a direct left inguinal hernia. He advised claimant that an operation was not necessary at that time but that he could have one "at a convenient date." Claimant continued to work, losing no time as a result of the injury.

The following year, 1948, claimant again called on Dr. Young who informed him that the condition was the same. "Doctor Young told me the last time he examined me not to come back until it bothered me." (T-5.)

In July 1952, claimant again returned to Dr. Young. The claimant testified—"Well, in July I went back to the mill and went to see Mr. Graham again and that time Mr. Graham called Dr. Young and made an appointment for me to come down town to Dr. Young's office and Dr. Young re-examined me at that time, and told me that I would have to have an operation so at that time I was having to wear a truss on account of the hernia had come outside and it was bothering me to sit for an extent, and he examined me and told me that he would get in contact with the insurance company and get a permit from them and set a date for the operation to be performed and advised me that he would let me know when that date would be."

The carrier refused to furnish the operation on, the ground that claimant's remedy was barred by the two year statute of limitations. Claim was filed June 22, 1953. Prior thereto, on May 21, 1953, claimant was operated on for the hernia by a surgeon selected by himself.

The deputy commissioner denied the claim on the ground that it was barred by the limitations of section 440.13(3)(b), which provides—"All rights for remedial attention under this section . . . shall be barred unless a claim therefor is filed or the commission acts on its own initiative within two years after the date of the last remedial treatment furnished by the employer . . ."

Did the July 1952 visit to Dr. Young's office constitute "remedial treatment" within the meaning of the quoted section? If it did, the claim filed in June 1953 was seasonably filed. The deputy denied the claim—presumably for the reason that the 1952 visit was merely an "examination" and not "remedial treatment."

We do not overlook the distinction which is generally drawn between "examination" and "treatment." "Examination" is a procedure preliminary to treatment, having as its usual purpose the diagnosis of a condition. Typical of an examination is the absence of positive steps for correction. However, the distinction should not be artificially and unrealistically extended to the point that we label as examination all subsequent medical attendance merely because the doctor advisedly refrains from positive action and elects to continue to wait. Such is the case before us. The claimant was "examined" in 1947. Diagnosis of a hernia was made. No further examination was ncessary for determining what was wrong with him. From that point on, the question was whether the advisable treatment was operative or to continue to wait. In July 1952, the doctor again checked the claimant's hernia. He then decides upon an operation and this, in a real sense, manifests a *change in "treatment"* of claimant's condition.

Accordingly, it is the opinion of the commission that the claimant is entitled to be compensated for the expenses of his hernia operation. It is our further opinion that he is entitled to recover six weeks compensation. Though a general claim for compensation would be barred by the statute of limitations, the right to compensation in a hernia case is specially provided by section 440.15(6). The right to said six weeks compensation arises out of and is a mandatory statutory incident of the operative procedure for the correction of the hernia.

The deputy's order is reversed, and the cause is remanded for the entry of an order not inconsistent with the opinion herein expressed. The employer, by and through its carrier, is ordered to pay claimant's attorney $250, which is a reasonable fee for representing the claimant before the full commission. This fee is in addition to a reasonable fee to be allowed by the deputy for services rendered by the claimant's attorney at the hearing heretofore held.